ISIDORA GARRIGA, Plaintiff and Appellee, *v.* MANUEL MEDINA, Defendant and Appellant.

No. 5432. Argued May 26, 1931.—Decided July 28, 1931.

*José Soto Rivera* for appellant.   *O. M. Wood* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Isidora Garriga, as the heir of Francisca Garriga, brought suit to recover from Manuel Medina a house located in Santurce.   The defendant, through attorney Soto Rivera, answered and denied the right claimed by plaintiff in the house, and maintained that the same belonged to him having purchased it from Modesta Colón, who in turn had acquired it at a public sale.   He further alleged that the plaintiff was not the only heir of Francisca Garriga.

The plaintiff petitioned the court to amend the declaration of the heirship of Francisca Garriga so as to include the latter's surviving husband, Felipe Osorio, as heir.   The court decided accordingly.   She then re-submitted her complaint, amended only in the sense of her suing in her own behalf and as the assignee of the rights of Felipe Osorio, with the proper averments setting forth the assignment from Osorio.

Then follows an affidavit reading thus:

"I, O. M. Wood, attorney, being duly sworn, depose as follows:
"That on July 2, 1929, I deposited in the post office of this City, postage prepaid, a registered envelope enclosing a copy of the amended complaint in the present case, and directed to the defendant in this cause, Manuel Medina, at his residence in this city.   This is shown by the attached receipt.

"That there is a regular service of communication by mail and for the delivery of letters within this city, and the attached certificate shows that the defendant received said letter on July 3, 1929.

"And the amended complaint not having been answered in any way within the time prescribed by law, the plaintiff petitions the Clerk of this Court to enter the default of the defendant."

Thereafter, on October 1, 1929, the plaintiff filed a motion which, together with the notation made thereon by the clerk, textually reads as follows:

"To the Clerk.—Now comes Isidora Garriga through her undersigned attorneys, and as may be meet in law applies for the entry of the default of the defendant in this cause, Manuel Medina, on the following grounds:

"That on July 13, 1929, notice of an amended complaint in the present case was served by registered mail, and notwithstanding the time elapsed since such notice, the defendant has failed to answer in any manner.

"The Clerk of this Court is respectfully requested to set this case for hearing on the Special Calendar on Friday the 4th of October, 1929. San Juan, P. R., October 1, 1929. O. M. Wood, Harry B. Llenza, attorneys for the plaintiff.

"The default of Manuel Medina has been entered.—Oct. 1, 1929. (Signed) Luis Vergne Ortiz, Clerk.—Filed Oct. 1, 1929."

On the 11th of the same month of October, attorney Soto Rivera appeared and in a verified motion stated to the court that he had just been advised that the case had been set for hearing on a special calendar relying on the default of the defendant, and that such default had not been properly entered as the notice served appeared to have been mailed to the defendant instead of to his attorney. He prayed for the setting aside of the default and for the allowance of ten days to answer the amended complaint.

Upon that motion, the following order was made:

"Having heard the motion of the defendant to set aside the default entered in this case, which motion was argued in open court, with the attendance of counsel for the respective parties, the court, in view of the circumstances of the present case and the verified opposition filed by the plaintiff and sworn to by her attorney, O. M. Wood, does hereby deny, in all its parts, the motion of the defendant; leaving the entry of the default to stand for all legal purposes."

Thereupon the defendant moved for a reconsideration, and submitted his ans---- to the amended complaint in

which he again maintained that the house in question belonged to him by purchase. The reconsideration sought was denied.

Upon a trial of the case after the default and the plaintiff having introduced her evidence, the court rendered a judgment in her favor from which the present appeal has been taken. The appellant assigns in his brief five errors.

The appellee moved for a dismissal of the appeal as being frivolous. This Court denied the motion. He then moved for leave to enlarge the record of appeal. The appellant consented, and there were added to the record the writing opposing the motion to set aside the default, and other documents relating to the appeal taken to this Supreme Court by the defendant from the order of the district court refusing to open the default, which appeal was dismissed by an order of March 18, 1930, reading as follows:

"In an action of revendication in which no judgment has been rendered, an order of the court refusing to open a default entered by the clerk is not appealable; therefore, the motion of the appellee is granted and the appeal dismissed."

After the record was amended, the appellee filed her brief.

To our mind, a consideration of the first error assigned is sufficient for a reversal of the order appealed from and for remanding the case to the lower court with directions to allow the defendant to file his answer, and to proceed further with the suit in accordance with the law.

This first error consists in having based the judgment by default on the assumption that notice of the amended complaint had been properly served, whereas in reality such service was not made in accordance with the law.

Section 324 of the Code of Civil Procedure says:

"Sec. 324. When a plaintiff or a defendant, who has appeared, resides out of the Island, and has no attorney resident of the Island, in the action or proceeding, the service may be made on the secretary for him. But in all cases where a party has such resident attorney in the action or proceeding, the service of papers, when required, must be upon the attorney instead of the party, except of subpoenas, of

writs, and other process issued in the suit, and of papers to bring into contempt; if there be no such resident attorney of record, service shall be made upon the party."

This section has been repeatedly construed by this Supreme Court. See the cases of *American R. R. Co. of P. R.* v. *Municipal Court,* 16 P.R.R. 227, and *Domínguez as Guardian* v. *Díaz,* 18 P.R.R. 947. In the opinion in the latter case it was declared:

"The spirit of the law and of jurisprudence is that the attorney who legally conducts the suit should be advised personally in due time with regard to everything in connection therewith in order that he may defend his client efficiently."

In the case at bar there was an absolute failure to comply with the law. What is the explanation offered? In her brief the appellee says:

"When deciding the motion to open the default in which the question of the service by mail was raised for the first time, the lower court had before it the motion of the defendant and the sworn opposition of the plaintiff.

"It clearly and positively appears from the above documents, as was admitted by the adverse party, that a copy of the amended complaint was served on the defendant personally and not on his attorney, José Soto Rivera, because the latter had advised the attorney for the plaintiff, O. M. Wood, that he (Soto Rivera) had resigned the representation of the defendant and appellant, Manuel Medina.

"Section 324 of the Code of Civil Procedure clearly prescribes that 'if there be no such resident attorney of record, service shall be made upon the party.' "

It is true that, in the opposition to the motion of defendant's attorney to set aside the default, attorney Wood swears to the facts as stated in his brief, but the attendant circumstances are such that the opening of the default ought necessarily to have been ordered.

We have transcribed in full the affidavit of attorney Wood relative to the proof of service of the amended complaint, and also his motion praying for the entry of the default and

the setting of the case for trial on the special calendar. In neither of these documents is it stated that the defendant had ceased to be represented in the action by a resident attorney. The record showed on its face that the defendant had a resident attorney, and the service made upon the party lacked a justifiable basis.

It does not appear that compliance was had with either the letter or the spirit of Rules 25, 26, and 27 of our district courts. Said rules provide as follows:

"Rule 25.—The attorney first taking charge of the case shall be considered as the one in charge of it and when present shall direct all proceedings, unless change be made by the interested party and the said change appear from the record.

"Rule 26.—An attorney of record is one who has appeared in the case and it will be deemed that he has appeared when his name is signed to the pleadings or to any stipulation of the parties filed in the case; and said attorney will be deemed entitled to continue as such until the end of the litigation, unless something to the contrary appears from the record.

"Rule 27.—No stipulation between the attorneys or the parties regarding any matter which is pending shall be binding unless it is put in writing, signed and delivered with the other documents for the purpose of making it a part of the record; or unless it is made in open court for the same purpose."

But even granting that the attorney of record of the defendant had ceased to represent the latter, it would still have to be concluded that the service of notice was not made in accordance with the law.

Section 320 of the Code of Civil Procedure provides as follows:

"The service of notice or other paper may be personal, by delivery to the party or attorney on whom the service is required to be made, or it may be as follows:

"   .     .      .       .        .        .       .       .       .       .

"2. If upon a party, it may be made by leaving the notice or other paper at his residence, between the hours of eight in the morning and six in the evening, with some person of suitable age and

discretion; and if his residence be not known, by putting the same inclosed in an envelope, into the postoffice, directed to such party by registered mail.''

Here neither the affidavit of service nor the motion for preliminary entry of the default warrants the conclusion that the plaintiff was justified in having recourse to the mail, thus disregarding what the Legislature had prescribed in the first place.

Moreover, no real summons was involved in the present case. The defendant had already been summoned and filed his answer, the issue being thus joined. In order to perfect her pleading, the plaintiff amended her complaint, and served the defendant with a copy of the amended complaint in the manner we already know. The amendment consisted solely in the addition of the averment regarding the surviving husband of the person from whom the plaintiff alleged to have inherited the house in question, said plaintiff continuing to be the only person entitled to bring a revendicatory action. The defendant had already answered and his new answer could not at all be different. The essential question to be determined was the same as that raised by the original complaint and answer, to wit: Who is the owner, the plaintiff or the defendant? In these circumstances, how could a motion for opening the default which was filed eleven days after the entry thereof be possibly denied? It is the rule that actions be decided after a hearing of the interested parties. A default implies that a party deliberately refuses to appear and defend himself. In the case at bar everything shows that the defendant desires to appear, as he did appear, for the purpose of making a defense.

By virtue of all the foregoing, the judgment appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.